**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-2605

PAUL ELIE DELVA,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, <u>Chief Judge</u>,
Torruella and Selya, <u>Circuit Judges</u>.

---

<u>Michael D. Greenberg</u> on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, <u>Linda S. Wendtland</u>, Assistant Director, Office of Immigration Litigation, and <u>Luis E. Perez</u>, Attorney, Office of Immigration Litigation, on brief for respondent.

---

September 21, 2004

---

**Per Curiam**. Paul Elie Delva, a citizen of Haiti and a former member of the Haitian National Police, seeks judicial review of a Board of Immigration Appeals' order finding him ineligible for asylum.[1] Delva argues that the Board erred in concluding that his alleged persecution was motivated solely by his activities as a police officer rather than, at least in part, by his political opinion.

This court's review of the Board's decision is narrowly circumscribed. To the extent that Delva challenges the Board's factual findings, those findings "can be reversed only if the evidence [he] presented . . . was such that a reasonable factfinder would have to conclude [to the contrary]." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In other words, to reverse, we "must find that the evidence not only supports that conclusion, but compels it." Id. at 481 n.1; see also 8 U.S.C. § 1252(b)(4)(B). To the extent that Delva challenges the Board's application of the relevant legal standards to his factual circumstances, that application is entitled to substantial deference as well. INS v. Cardoza-Fonseca, 480 U.S. 421, 448 (1987); Alverez-Flores v. INS, 909 F.2d 1, 3-4, 5 (1st Cir. 1990).

Under those standards, the Board's decision in this case easily survives review. To be eligible for asylum, Delva

---

[1]Before the Board, Delva also sought withholding of removal and relief under the United Nations Convention Against Torture, but he does not contest the denial of that relief on appeal.

had to prove that he "is unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. §§ 1101(a)(42), 1158(b)(1); see also 8 C.F.R. § 1208.13(b); Ravindran v. INS, 976 F.2d 754, 758 (1st Cir. 1992).  The evidence in the record does not compel the conclusion that Delva either was persecuted in the past or has a genuine and well-founded fear of being persecuted in the future on account of any of the enumerated grounds.

Past Persecution

In support of his claim of past persecution, Delva claims that politically connected gangsters, whom he was investigating and trying to arrest, threatened him; twice attacked his sister's home, destroying her personal property and scaring her and his cousin; and once shot at his car.  Even assuming that those events occurred and that they rose to the level of "persecution," the Board concluded that any persecution suffered by Delva was solely on account of his activities as a police officer, not on account of his actual or imputed political opinion, the only protected ground relied upon by Delva.[2]

---

[2]In his application for asylum, Delva claimed persecution on account of both his political opinion and his membership in a particular social group (presumably, the Haitian National Police). Before the Board, however, he claimed persecution only on the basis of his political opinion.  To the extent that he now claims to fear

-3-

In reaching that conclusion, the Board did not find Delva to be per se ineligible for asylum based solely on his status as a policeman. Cf. Velarde v. INS, 140 F.3d 1305, 1312 (9th Cir. 1998) (faulting Board for finding applicant ineligible for asylum based solely on her status as a security guard without considering strong evidence that she was persecuted on political grounds). Rather, the Board took into account Delva's membership in the KID Party and his investigation of politically connected individuals but found no evidence of a connection between his actual or imputed political opinions and the threats and attacks that he reported. That analysis is legally correct. Just as it is wrong to infer the absence of a political motive based solely on the victim's status as a police officer, id., it would be equally wrong to infer the presence of a political motive based solely on that status. See Samoya Cabrera v. Ashcroft, 367 F.3d 10, 14 (1st Cir. 2004) (holding that "[p]articipation in a civil defense patrol does not by itself compel a conclusion that an individual is subject to politically-inspired persecution").

The absence of a political motive is borne out by the record. There is no evidence that Delva was a political activist. Cf. Fergiste v. INS, 138 F.3d 14, 16-17 (1st Cir. 1998)

persecution on account of his membership in the social group of former police officers, that claim is forfeited, both because he did not raise it before the Board, Ravindran, 976 F.2d at 761, and because he did not adequately brief it on appeal, United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997).

-4-

(finding political motive established where applicant was a political activist who attended party meetings, helped to campaign and raise money, and worked with a neighborhood committee). Nor is there any evidence that the Lavalas Family Party, whose members allegedly threatened Delva, was directly opposed to the KID Party, to which Delva belonged. Cf. id. (applicant, who was active in pro-Aristide party, was shot by member of anti-Aristide party). To the contrary, even though the two parties may "not have the same political visions," as Delva testified, they were both pro-Aristide. Finally, there is no evidence that those who threatened Delva and invaded his sister's home knew or cared about Delva's membership in the KID.

On the other hand, the record is replete with evidence that Delva was targeted because of his police activities. Delva himself acknowledged that "there was a direct connection between [his] job and [his] persecution." That connection was corroborated by Delva's sole witness (a Boston police officer who had served as a United Nations monitor and trainer of Delva's unit of the Haitian National Police), who testified that police officers were targeted by their former detainees. The State Department also reported attacks on members of the Haitian National Police. Furthermore, those who threatened Delva repeatedly referred to him as a "policeman."

Well-Founded Fear of Future Persecution

Absent a finding of past persecution on a protected ground, the burden is on the petitioner to show that he has a well-founded fear of future persecution on that ground. 8 C.F.R. § 1208.13(b)(1). The Board's conclusion that Delva had not met that burden is amply supported by the evidence.

"The standard for proving a well-founded fear of future persecution has both objective and subjective components." Laurent v. Ashcroft, 359 F.3d 59, 65 (1st Cir. 2004); see also Cardoza-Fonseca, 480 U.S. at 430-31. "[T]o establish asylum eligibility, an applicant must not only harbor a genuine fear of future persecution, but also must establish an objectively reasonable basis for that fear." Laurent, 359 F.3d at 65.

As to the subjective component, both the immigration judge and the Board doubted the sincerity of Delva's fear of future persecution, based on his repeated returns to Haiti after trips to Canada and the Dominican Republic. That inference, which is supported by undisputed facts and not challenged on appeal, is entitled to judicial deference. See Aguilar-Solis v. INS, 168 F.3d 565, 571 (1st Cir. 1999).

To establish the objective component of a well-founded fear of persecution, Delva had to show "by credible, direct, and specific evidence," Ravindran, 976 F.3d at 758 (internal citations and quotation marks omitted), that "a reasonable person in [his] circumstances would fear persecution," Aguilar-Solis,

-6-

168 F.3d at 572. Delva presented no such evidence at the administrative level. And in his appellate brief, he relies solely on the presumption of future persecution that would arise if he had established past persecution, which, as discussed above, he did not do. Indeed, at the end of his brief, Delva concedes that "it is impossible to determine what effect [Delva's] past actions [as a police officer] will have on the future of [Delva] if ordered removed." Delva therefore failed to meet his burden of showing "by credible, direct, and specific evidence," Ravindran, 976 F.3d at 758 (internal citations and quotation marks omitted), that "a reasonable person in [his] circumstances would fear persecution." Aguilar-Solis, 168 F.3d at 572.

To clinch matters, other record evidence supports the opposite conclusion--that Delva's fear of future persecution was not objectively reasonable. The State Department's Profile of Asylum Claims and Country Conditions, introduced by the INS, states that "the likelihood of an erstwhile Aristide activist encountering political harassment upon returning to Haiti appears to be extremely slight." While the State Department reported some politically motivated killings, they were of political candidates and party leaders, not rank-and-file members of opposing parties.

Accordingly, the petition for review is <u>denied</u>, and the order of the Board of Immigration Appeals is <u>summarily</u> <u>affirmed</u>. <u>See</u> Local Rule 27(c).